# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN

IN THE MATTER OF:

Jesse Campbell & Malinda Beauchamp

Debtor(s).

_____/

Chapter 13
Case No. 16-02629
Judge Gregg

## CLIENT RETAINER AGREEMENT

/s/ David G. Lutz
David G. Lutz P53665
Attorney for Debtor(s)
3250 W. Big Beaver, Suite 300
Troy, MI 48084
248.714.1650
davidlutzlaw@gmail.com

# DAVID LUTZ LAW P.C.

DAVID G. LUTZ
CELL: 248-535-2520
DAVID@DAVIDLUTZLAW.COM

3250 WEST BIG BEAVER ROAD, SUITE 300
TROY, MICHIGAN 48084
TELEPHONE (248) 714-1650
FACSIMILE (248) 282-5661

WWW.DIVORCELAWYERTROYMICHIGAN.COM
WWW.BANKRUPTCYLAWYERTROYMICHIGAN.COM

### RETAINER AGREEMENT

**The undersigned (hereinafter Client) is hereby requesting the opportunity to consult with and obtain information and advice from David Lutz P.C. regarding relief from debts, including filing bankruptcy under the United States Bankruptcy Code. There is no obligation on the part of the client to tender any fees for the initial consultation however upon receipt of initial payment the following Retainer Agreement becomes in effect.**

In consideration of Attorney agreeing to represent Client:

1.  Client agrees to pay Attorney a fee of $__3,200._ **($1,000.00 to file case)** plus the additional $_310.00__ filing fee. Total: _$3,510.00___

2.  Client acknowledges that the attorney fee or filing fees may increase due to an increase by the courts, changes in the law or client's lack of due diligence.

3.  This fee entitles Client to legal representation in all matters concerning the bankruptcy proceeding, except the following:

    a.  The fee does not include motions for redemption of secured collateral.

    b.  The fee does not include motions to compel the Trustee's abandonment of property of the estate.

    c.  The fee does not include objections to the claimed exemptions of the debtor or a motion for turnover of property of the estate by the Trustee.

    d.  The fee does not include drafting of a Reaffirmation Agreement required by a creditor and that client fully acknowledges that it is the full responsibility of them to provide a Reaffirmation Agreement for a secured creditor and does not hold the attorney liable.

    e.  The fee does not include representation for any motion brought by a secured creditor to lift the Automatic Stay for the reason that Client has failed to provide collateral protection insurance on its secured property or failed to pay the secured creditor pursuant to the terms of their contract. Client has been advised that collateral protection insurance must be maintained on certain secured property such as: autos, boats, homes, etc. Client has been advised that they may not receive notices, billing statements or payment coupons from the secured creditor and that they must maintain

current on all payments to the secured creditor if they intend to retain the collateral. If attorney elects to represent the Client in any such matter, such representation shall be charged at an hourly rate of the Attorney.

f.  The fee does not include representation in any adversary proceeding brought by or against Client, which shall be charged at an hourly rate to Client in a further agreement, but in no event shall this agreement bind the undersigned attorney to represent Client in the adversary proceeding. Costs are typically around $5,000.00.

g.  The fee does not include payment for preparation of extra motions due to client(s) failure to obtain the Debtor Education certificate within the deadline set by the court (45 days from the date of filing), the client shall be solely responsible to pay any additional fees and costs including but not limited to a fee of Four Hundred Dollars ($400.00) plus court cost of Two Hundred Sixty Dollars ($260.00) to prepare a motion to reopen case in order to file the Financial Management Certification and Debtor Education Certificate as required by the Court in order to receive a discharge (Fees may vary by court).

h.  The fee does not include payment for any extra hearings as a result of Client's failure to appear at a scheduled 341 Meeting of Creditors for which Client will be charged up to an additional Five Hundred Dollars ($500.00) for every additional hearing caused by Client's aforesaid failure.

i.  The fee does not include payment for any amendments to Client's Petition, which adds additional creditors, which Client will be charged two hundred thirty dollars ($230.00) per amendment. ($200.00 + $30.00 court cost) Client acknowledges that he\she\they are solely responsible for disclosing to the attorney the names and addresses of all creditors. Client acknowledges that this responsibility continues although a credit report may be obtained through the attorney. Client has been informed that a credit report may be incomplete and inaccurate and that the attorney does not warrant the completeness or accuracy of any credit report.

j.  The fee does not include payment for any appearance at a 2004 examination, which could be up to $1000.

k.  Client agrees to provide attorney with all documents needed to file Client's petition with in two weeks of paying in full for bankruptcy, or will pay $50 every two weeks thereafter.

4.  Client acknowledges that representation shall end upon issuance of discharge.
5.  Client understands that no portion of the retainer is refundable at any time.
6.  Client further agrees to reimburse Attorney for all Court costs and other actual, necessary expenses advanced by Attorney in connection with Client's case. Client agrees that in the event Client desires to obtain client's file from the Attorney that Client will pay the Attorney the reasonable cost of reproducing and retrieving from storage all or any part of said file. Client agrees that the cost of reproduction and retrieval is presumptively reasonable if it is equal to or less than the cost of reproduction and retrieval of similar documents by the U. S. Bankruptcy Court Clerk for the Eastern District of Michigan Southern Division. Client further agrees client is entitled to one copy of the Petition and Schedules in bankruptcy. Client's failure to request Client's copy of the Petition from the Attorney in writing within ten (10) days of Client's First Meeting of Creditors is an acknowledgment of its prior receipt by Client.

7.  Client acknowledges that once our engagement in this matter ends, we will not return materials provided by Client. WE WILL NOT TAKE ANY ORIGINALS. Client agrees that we will not store any copies of the file materials. If Client requests a copy of the file we reserve the right to make a copy of the entire file at Client's expense. We will charge $.50 per page for any faxes or copies. Client further agrees that any materials left with us after the engagement ends may be retained or destroyed, at our discretion. Our own files pertaining to the matter will be retained by the firm (as opposed to being sent to the Client) or destroyed. These firm files include, for example, firm records, time and expense reports, personnel and staffing materials, credit and account records, internal work product (such as drafts, notes, memoranda, legal research, and factual research). Any documents that are retained by the firm will be transferred to the party responsible for administering our records retention program. For various reasons, including minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any documents or other materials retained by us within a reasonable time after the termination or disengagement.

8.  Client acknowledges that in lieu of maintaining paper records the firm reserves the right to convert the file into electronic imaging or microfilm at any time.

9.  Client agrees that Attorney has made no promises or guarantees regarding the outcome of Client's case.

10. Client acknowledges that Attorney's services shall in no event include an appeal.

11. If this is a joint filing, the Clients acknowledge that if either files a proceeding for divorce or separate maintenance after the joint Bankruptcy Petition is filed, and the pendency of that divorce or other proceeding results in Clients' inability to agree on how the joint Bankruptcy case or any matter or proceeding arising in that case should be prosecuted or defended, the firm may petition the court to withdraw from any further representation of either or both Clients in the Bankruptcy case, in any proceeding or matter arising in the case, or in any appeal.

12. Client acknowledges that estate property remains property of the estate until the Trustee closes the estate. Until the estate is closed, Client must obtain court permission in order to transfer any property of the estate, such as: boats, cars, homes, etc. Client further acknowledges that notice of the closing of the estate will not be sent to Client.

13. Client acknowledges that all information provided must be complete, accurate and truthful and is subject to examination by the Attorney General.

14. Client will pay attorney 30% for any monies, if any, returned by creditors, garnishments, debts lowered in reaffirmations, or any other party client wishes attorney to obtain.

15. David Lutz Law PC does not have final word on exemptions for the Chapter 7 or Chapter 13 cases.

16. Any objections to our exemptions will incur client a charge.

17. Client further acknowledges:

I, Client, understand the contents of this contract, and agree to all the terms and paragraphs contained in it on all pages; acknowledge that I have disclosed all of my assets and all of my liabilities to the attorney to the best of my knowledge, information and belief; acknowledge that I will read and review my Petition carefully and I will sign the Petition only after reviewing it and assuring that all the information contained in it is correct; and acknowledge that a copy of this Retainer Agreement has been given to me and that I agree to all of its terms and conditions, and that

there are no other agreements between myself and the Attorney, as evidenced by my signature below.

Furthermore, I have made the decision to file either a Chapter 7 Petition or Chapter 13 case after the Attorney explained the alternatives. I also agree to make payments according to my Chapter 13 Plan.

Date: _5/11/16_

_JESSE Campbell_
Print Name

_Jesse Campbell_
Signature

_MALINDA BEAUCHAMP_
Print Name

_Malinda Beauchamp_
Signature