UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Jesse W. Campbell,                              Case No. GL 16-02629
Malinda R. Beauchamp,                           Chapter 13
                                                Honorable John T. Gregg

_____ Debtors./

### UNITED STATES TRUSTEE'S MOTION FOR RELIEF UNDER 11 U.S.C. § 329(b) RELATING TO FEES AND RETAINER AGREEMENT OF DEBTOR'S ATTORNEY

Daniel M. McDermott, United States Trustee for Region 9, moves the Court, pursuant to his authority under 11 U.S.C. Section 307 and 28 U.S.C. Section 586 (a)(3)(G), for relief pursuant to 11 U.S.C. Section 329(b).  Specifically, the U.S. Trustee requests that the Court examine the fees paid to Michigan Foreclosure Assistance Program, attorney David Gerald Lutz and/or David Lutz Law PC, cancel the retainer agreement between the Debtors and Michigan Foreclosure Assistance Program, David Gerald Lutz and/or David Lutz Law PC, order the immediate turnover to the Debtors of any and all excess fees received from the Debtors, and grant other relief.  In support of the motion, the U.S. Trustee states the following:

### Jurisdiction

1.   This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334, and 11 U.S.C. §329.  This is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2.   Daniel M. McDermott is the duly appointed United States Trustee for the Western District of Michigan, and has standing to bring this motion pursuant to 28 U.S.C. §586(a) and 11 U.S.C. §§307 and 329.

1

**Procedural Background**

3. The Debtors' petition for relief under Chapter 13 of the Bankruptcy Code was filed on May 11, 2016, by attorney David Gerald Lutz and David Lutz Law PC (together, "Lutz") . DN 1. Schedules, statement of financial affairs, and other documents were filed on May 25, 2016. DN 11-12.

4. A Rule 2016 disclosure of attorney compensation was filed on May 11, 2016. DN 2.

5. The Rule 2016 Disclosure states that Lutz agreed to accept fees of $3,200 for legal services, that he received $2,090 prior to filing the case, and that the Debtors owed a balance of $1,110. DN 2.

6. The Rule 2016 Disclosure further states that Lutz had not entered into any fee sharing agreement with anyone who was not a member or associate of his law firm. *Id.*

7. On January 7, 2017, the Debtors' Chapter 13 Plan was confirmed. DN 43.

8. Lutz was awarded fees totaling $3,200 at confirmation. DN 43.

9. The Chapter 13 Trustee, Barbara P. Foley, reports that disbursements for attorney fees totaling $800 have been made to Lutz pursuant to the Debtors' confirmed plan.

**Suspension**

10. On May 15, 2017, the District Court for the Western District of Michigan issued an Opinion and Order ("Suspension Order") suspending Lutz from the practice of law before the courts of the Western District of Michigan for a period of 18 months beginning June 1, 2017. Admin. Order 17-AD-064.

11. The Suspension Order states that Mr. Lutz shall oversee the transfer of his clients to qualified counsel, and that he shall refund to his clients "any fees that he has received from

2

those clients, except that Mr. Lutz may retain the fee or portion of the fee received by him for preparing bankruptcy petitions and schedules for those cases which are currently pending before this Court." Suspension Order, p. 11.

## Applicable Law

12. Section 330 of the Bankruptcy Code clearly reflects the intent of Congress that bankruptcy courts vigorously review attorney fees, including in Chapter 13 cases. *In re Courtois*, 222 B.R. 491, 494-5 (Bankr. D. Maryland 1998). Review of attorney fees in bankruptcy cases serves the best interests of the estate, creditors and debtors, who by definition find themselves in dire financial straits when they seek representation of bankruptcy counsel.

13. Section 329 of the Bankruptcy Code provides that when an attorney's compensation "...exceeds the reasonable value of any such services,..." the court may cancel the attorney's fee agreement or order the return of any payment to the extent it is excessive. 11 U.S.C. Section 329(b).

14. *Collier on Bankruptcy* comments on both the importance and underlying rationale for close scrutiny of fees charged by debtors' counsel:

> Under prior law, as under the Code, compensation of the attorney for the debtor was scrutinized more closely than the compensation of other officers and professional persons. The rationale for such scrutiny is clearly stated in the House Report that accompanies H.R. 8200. Payments to a debtor's attorney provide "serious potential" for both "evasion of creditor protection provisions of the bankruptcy laws" and "overreaching by the debtor's attorney. Accordingly, section 329 is designed in recognition of "the temptation of a failing debtor to deal too liberally with his property in employing counsel to protect him in view of financial reverses and probable failure.

Collier on Bankruptcy, ¶329, LH (15th Ed., Revised 1996).

15. Attorneys may not collect fees from a Chapter 13 Debtor postpetition without an order from the Court permitting it. See, *e.g.*, *In re Anderson*, 253 B.R. 14, 20 (E.D. Mich. Bankr. 2000).

3

**Argument**

16. In this case, the Suspension Order issued by the District Court permits Lutz to be paid only for the preparation of the petition and schedules in his pending cases.

17. In the case at bar, Lutz should file as soon as practicable an itemized fee statement regarding the preparation of the petition and schedules so that the Court and interested parties can evaluate the reasonableness, necessity and accuracy of the itemized fees.

18. At a minimum, any fees beyond those incurred for the preparation of the petition and schedules should then be ordered disgorged to the Debtors.

19. The U.S. Trustee submits that notwithstanding the Suspension Order, the misconduct that led to the Suspension Order constitutes separate grounds for disgorgement of all fees received.

20. In addition, the Court should cancel the retainer agreement between Lutz and the Debtors to prevent Lutz from attempting to collect fees in any other court[1].

WHEREFORE, the U.S. Trustee respectfully requests that this Court:

a. Cancel any fee agreement or contract between attorney David Lutz, David Lutz Law PC, and/or Michigan Foreclosure Assistance LLC and the Debtors;

b. Order Lutz to file an itemized billing statement regarding the preparation of the petition and schedules in this case;

c. Hold a hearing following the filing of an itemized billing statement to determine what, if any, fees should be disgorged to the Debtors; and,

---

[1] As Lutz did in the case of *In re Andres*, 14-07490.

    d.       Grant such other relief as this Court may deem just and appropriate.

Respectfully Submitted,

DANIEL M. McDERMOTT
Region 9

Date: May 26, 2017                By:                /s/
Michelle M. Wilson (P65625)
Trial Attorney
Office of the United States Trustee
United States Department of Justice
125 Ottawa NW, Suite 200R
Grand Rapids, Michigan 49503
(616) 456-2002, x. 119