# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

    Cecil H. Morris,　　　　　　　　　　　Case No. GK 16-00221
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　Honorable John T. Gregg

_____ Debtor./

In re:

    Natalie J. Viterna,　　　　　　　　　　Case No. GG 16-01041
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　Honorable John T. Gregg

_____ Debtor./

In re:

    Kenneth P. Cilley,　　　　　　　　　　Case No. GK 16-01352
    Ann M. Cilley,　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　Honorable John T. Gregg

_____ Debtors./

In re:

    Larry Brooks,　　　　　　　　　　　　Case No. GK 16-01555
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　Honorable John T. Gregg

_____ Debtor./

In re:

    Shaun R. Johnson,　　　　　　　　　　Case No. GL 16-01556
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　Honorable John T. Gregg

_____ Debtor./

In re:

    Penny Druise Sicard,　　　　　　　　　Case No. GK 16-01673
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　Honorable John T. Gregg

_____ Debtor./

In re:

       Diana Jean Mirabella,                                Case No. GK 16-01674
                                                                        Chapter 13
                                                                        Honorable John T. Gregg

                                                       Debtor./

In re:

       Dustin M. Coleman,                                  Case No. GL 16-02484
                                                                        Chapter 13
                                                                        Honorable John T. Gregg

                                                    Debtor./

In re:

       Jesse W. Campbell,                                  Case No. GL 16-02629
       Malinda R. Beauchamp,                        Chapter 13
                                                                        Honorable John T. Gregg

                                                   Debtors./

In re:

       Tony I. Breedlove,                                  Case No. GL 16-02858
                                                                        Chapter 13
                                                                        Honorable John T. Gregg

                                                   Debtor./

In re:

       Russell G. Smith,                                    Case No. GL 16-03020
                                                                       Chapter 13
                                                                      Honorable John T. Gregg

                                                   Debtor./

In re:

       Sandra K. Frazier,                                  Case No. GG 16-03097
                                                                       Chapter 13
                                                                      Honorable John T. Gregg

                                                   Debtor./

In re:

    Adam M. Howard,                              Case No. GG 16-03795
    Jennifer Day-Howard,                       Chapter 13
                                                         Honorable John T. Gregg

    _____Debtors./

In re:

    Ezzard C. Askew,                                Case No. GL 16-05584
    Loris Askew,                                       Chapter 13
                                                         Honorable John T. Gregg

    _____Debtors./

In re:

    Krystal Marie Tate,                             Case No. GG 16-06382
                                                          Chapter 13
                                                         Honorable John T. Gregg

    _____Debtor./

In re:

    Debra Doreen Graham,                     Case No. GK 16-06383
                                                          Chapter 13
                                                         Honorable John T. Gregg

    _____Debtor./

In re:

    Lisa G. Rich,                                    Case No. GG 17-00884
                                                          Chapter 13
                                                         Honorable John T. Gregg

    _____Debtor./

In re:

    Christopher Kiggins,                           Case No. GK 17-00016
    Cydni Kiggins,                                      Chapter 13
                                                         Honorable John T. Gregg

    _____Debtors./

In re:

    John E. Sherman, Sr.,                      Case No. GL 17-00615
    Bethany Sherman,                        Chapter 13
                                                      Honorable John T. Gregg

                                  Debtors./

In re:

    William R. Hall,                          Case No. GL 17-01533
                                                      Chapter 13
                                                      Honorable John T. Gregg

                                  Debtor./

In re:

    Bradley Hiebert,                          Case No. GL 17-00903
                                                      Chapter 13
                                                      Hon. John T. Gregg

                                  Debtor./

## UNITED STATES TRUSTEE'S PRE-HEARING STATEMENT

Daniel M. McDermott, United States Trustee for Region 9, submits the following statement, including the attached exhibits, in advance of the hearings in the above-captioned cases regarding his motions for relief under 11 U.S.C. Section 329 relating to fees and retainer agreements of Debtors' counsel:

### Terms of the Suspension Order

The U.S. Trustee filed motions for relief under 11 U.S.C. Section 329 relating to fees and retainer agreements in the above-captioned cases regarding Debtors' counsel, David Lutz and David Lutz Law PC ("Lutz"). These motions were filed following the issuance by the United States District Court on May 15, 2017, of its Opinion and Order Imposing Suspension with Sanctions, Administrative Order 17-AD-064 ("Suspension Order").

4

The Suspension Order suspended Lutz effective June 1, 2017 and required a number of actions on his part including, *inter alia*, the following:

(1) On or before June 1, notify his current clients of the sanctions imposed and of their right to hire new counsel;

(2) Oversee the transfer of his current clients and files to qualified counsel;

(3) Refund fees to his clients except the portion for preparing the petitions and schedules; and,

(4) Refund in full the fees obtained in the *Andres*, *Fitzgerald* and *Cano* cases.

**Compliance with Terms of Suspension Order**

On May 25, 2017, the undersigned contacted Lutz by email and inquired whether he had made the required notification to his clients, whether he had refunded all fees in the *Andres* and *Fitzgerald* cases (fees were refunded in *Cano* prior to issuance of the Suspension Order), and requesting an itemization of fees incurred for the preparation of the petition and schedules in each of his pending cases.

No response was received to the May 25, 2017 email. To date, the U.S. Trustee is unaware of what, if any, notification Lutz has made to his clients with cases pending in the Bankruptcy Court for the Western District of Michigan. As of the date of this filing nearly one month after the issuance of the Suspension Order, there is no evidence Lutz has refunded the fees paid in *Andres* or *Fitzgerald*. On June 7, 2017, Lutz provided to the U.S. Trustee itemized billing statements for all of the above-captioned cases except *Hiebert*, 17-00903.

The U.S. Trustee is aware that 4 of the above-captioned Debtors have either retained substitute counsel or received a referral to attorney Harold Nelson who has agreed to act as the point person for purposes of referring Lutz' clients to competent substitute counsel.

The U.S. Trustee filed his motions under 11 U.S.C. Section 329 in order to seek a determination of the amount of fees incurred in each case for the preparation of the petitions and schedules, disgorgement of, at a minimum, any fees received above that amount, and cancellation of the retainer agreements.

## Exhibits

Attached as **Exhibit 1** is a summary exhibit showing for each of Lutz' cases pending before the Honorable John T. Gregg, the fees paid prepetition, fees paid postpetition, total fees paid to date, a proposed allowed fee amount, and proposed disgorgement amount. The proposed allowed fees were calculated based on the itemized billing statements provided. Attached as **Exhibit 2** is the collection of itemized fee statements provided by Lutz in these cases. The U.S. Trustee placed boxes around the billing entries in **Exhibit 2** that appear to be for the preparation of the petitions and schedules. In some instances, billing entries were improperly bundled and included some tasks that were related to the preparation of the petition and schedules and some that were not. In all but one of those situations, the U.S. Trustee gave Lutz the benefit of the doubt and included the entire entry in his calculation of fees for the preparation of the petition and schedules. The one exception is a 3/12/17 entry in the *Rich* case, 17-00884, for a total of 4.0 hours which includes travel time, review of schedules, and a discussion about a roommate and the purchase of a car. The U.S. Trustee did not include any of this time in his calculation of proposed allowed fees. There are other entries in the billing statements that the U.S. Trustee could simply not determine whether they should properly be included as part of the preparation of the petition and schedules. Those billing entries were not included in the calculation of the proposed allowed fees.

In *Hiebert*, neither a Rule 2016(b) statement nor schedules were filed. The U.S. Trustee does not know as of this filing what, if any, fees were received prepetition.

## Conclusion

At the hearing on June 14, 2017, on his motions for relief under Section 329, the U.S. Trustee will ask this Court to:

a. Order Lutz to disgorge the Disgorgement Amounts shown on **Exhibit 1** within 14 days;

b. Order Lutz to disclose within 3 days the amount, if any, of fees received prepetition in the *Hiebert* case and order disgorgement of that amount within 14 days;

c. Cancel the retainer agreements in all of the above-captioned cases; and,

d. Authorize the U.S. Trustee to serve on the Debtors in the above-captioned cases a notice informing them that they may contact Harold Nelson for assistance in finding substitute counsel.

Respectfully Submitted,

DANIEL M. McDERMOTT
Region 9

Date: June 12, 2017          By:          /s/
Michelle M. Wilson (P65625)
Trial Attorney
Office of the United States Trustee
United States Department of Justice
125 Ottawa NW, Suite 200R
Grand Rapids, Michigan 49503
(616) 456-2002, x. 119